✎JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jessica Slivak, individually and on behalf of all others similarly situated

**DEFENDANTS**

POAG SHOPPING CENTERS, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Bucks County, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 12101 et seq.

Brief description of cause:
Violation of the Americans With Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
1/10/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

SLIVAK                                        :         CIVIL ACTION
                                              :
              v.                              :
                                              :
POAG SHOPPING CENTERS, LLC                    :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )


|  1/10/2018  |                    | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 2650 Thousand Oaks Boulevard, Suite 2200 Memphis, TN 38118

Place of Accident, Incident or Transaction: Bucks County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 42 U.S.C. § 12101 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Arkady "Eric" Rayz, Esq., counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 1/10/2018   _____   87976
                   Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/10/2018   _____   87976
                   Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESSICA SLIVAK, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff(s) | CLASS ACTION COMPLAINT |
| v. | |
| POAG SHOPPING CENTERS, LLC d/b/a The Shops at Valley Square | Jury Trial Demanded |
| Defendant | |

## CLASS ACTION COMPLAINT

Plaintiff Jessica Slivak ("Plaintiff" or "Slivak"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.     Plaintiff is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations.

2.     Plaintiff, a forty-two-year-old female individual, was born with Osteogenesis Imperfecta (i.e., brittle bone disease), which requires her to use a wheelchair on a daily basis. Indeed, for mobility, Plaintiff has used a wheelchair for her entire adult life.

3.     Plaintiff leads an active life.  She maintains her career as a Speech-Language Pathologist, while actively serving on various committees in her church and being a wife and mother of three children.

4.     Accordingly, Plaintiff is routinely traveling for work, family, and social functions.

5.     To facilitate this active lifestyle, Plaintiff maintains a specially modified mini-van

with an automatic side-ramp, allowing Plaintiff to wheel herself into and out of her vehicle so as to permit her to travel independently.

6. Naturally, this vehicle is registered as a "handicapped" vehicle with the Commonwealth of Pennsylvania's Department of Transportation and, consequently, bears a "handicapped" license plate.

7. Because of her vehicle's side-ramp, Plaintiff requires the use of "van accessible" handicapped parking spaces in order to provide her with sufficient space for access to and from her motor vehicle.

8. As set forth below, Plaintiff was denied full access to Defendant's facilities due to their non-compliance with the ADA. As set forth below, Defendant has failed to comply with the ADA's regulations regarding "handicap" parking. As such, Plaintiff alleges that Defendant violated the ADA and its implementing regulations.

9. Unless Defendant corrects the access barriers detailed herein, Plaintiff will be denied safe and full access to Defendant's facilities.

10. The ADA permits private individuals, such as Plaintiff, to bring suit in federal court to compel compliance with the ADA.

11. Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that Defendant's facilities violate federal law as described; and (ii) an injunction requiring Defendant to remove the identified access barriers, so that they are fully accessible to, and independently usable by, physically-impaired individuals such as Plaintiff and the class she seeks to represent.

12. Plaintiff also requests that once Defendant is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to

ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION AND VENUE

13.     This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

14.     Plaintiff's claims asserted herein arose in this judicial district and Defendant maintains its headquarters and/or does substantial business in this judicial district.

15.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

16.     Plaintiff is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.  Plaintiff is and, at all times relevant hereto, has been a legally handicapped individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

17.     Defendant POAG SHOPPING CENTERS, LLC ("Defendant") is a limited liability company, with corporate headquarters at 2650 Thousand Oaks Boulevard, Suite 2200 Memphis, TN 38118.

18.     Defendant owns and/or operates a shopping center (or, as Defendant calls it, a "lifestyle center"), known as "The Shops at Valley Square," at 1501 North Main Street Warrington, PA 18976.  See http://www.poagllc.com/lifestyle-center/the-shops-at-valley-square/, last visited on January 10, 2018.

19.     Defendant is a "public accommodation" pursuant to 42 U.S.C. § 12181(7)(F).

## TITLE III OF THE ADA

20.     On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

21.     The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

22.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

23.     On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 C.F.R. § 36.[1]

24.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. § 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG"), published by the Access Board on the same date.[2]

25.     The ADA requires removal of existing architectural barriers in facilities existing

---

[1]  The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

[2]  The Access Board was established by section 502 of the Rehabilitation Act of 1973.  See 29 U.S.C. § 792.  The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities."  42 U.S.C. § 12204.  The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. §§ 12134(c), 12186(c).

before January 26, 1992, where such removal is readily achievable.  See 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304(a).

26.     Facilities newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals, including individuals who use wheelchairs.  See 28 C.F.R. § 36.401 and 28 C.F.R. § 36.402.

27.     The DOJ revised the 1991 ADAAG when it issued The 2010 Standards for Accessible Design ("2010 Standards"), which were published on September 15, 2010.

28.     Notably, many of the requirements with respect to parking remained the same in the 2010 Standards.

29.     As set forth below, Defendant has failed to comply with those requirements.

### VIOLATIONS AT ISSUE

30.     Defendant owns, operates, and/or leases a place of public accommodation.

31.     At the "The Shops at Valley Square," there are approximately 840 parking spaces designated for use by the general public, including numerous spaces marked as "handicapped" or, more specifically, "van accessible."

32.     Defendant's facilities, however, are not fully accessible to, and independently usable by, individuals with disabilities, because they violate the ADA.

33.     Plaintiff visited Defendant's facilities on numerous occasions in the past several years, in order to patronize the restaurants and shops located therein.

34.     Indeed, Plaintiff regularly visits Defendant's facilities, multiple times per year, for after-work events, dining, and shopping.

35.     At "The Shops at Valley Square," Plaintiff customarily parks in front of the locations of the New York & Company®, Chipotle Mexican Grill, or Bar Louie.

36.     During each of her visits, Plaintiff experienced difficulty and unnecessary risk due to the existence of architectural barriers that impeded her access to, and ability to use, Defendant's facility.

37.     Specifically, all of the designated "van accessible" parking spaces at "The Shops at Valley Square" located on its main thoroughfare – "North Main Street" – are: (a) not wide enough; (b) do not have an appropriate "access aisle;" or (c) both.

38.     These constitute violations of Section 502 of the ADA.

39.     Specifically, the ADA requires "van accessible" spaces to be either 96 inches wide with an adjacent 96-inch "access aisle" or 132 inches wide, with an adjacent 60-inch "access aisle."

40.     Almost all of Defendant's "van accessible" parking spaces located on the "North Main Street" meet either of these categorical requirements.

41.     Upon information and belief, all of Defendant's parking spots designated as "van accessible" are similarly non-compliant with the ADA.

42.     But, by way of an example, the designated "van accessible" parking spot in front of the "Chipotle Mexican Grill" location is approximately 98 inches in width with an "access aisle" (adjacent on the right side) being only approximately 72 inches in width.

43.     Similarly, the designated "van accessible" parking spot in front of Country Curtains® is approximately 106 inches in width with an "access aisle" (adjacent on the right side) of only approximately 72 inches in width.

44.     Further, as evidenced by the image below, the designated "van accessible" parking spot in front of the New York & Company® location is also non-compliant – whereas the designated "van accessible" parking spot is approximately 109 inches in width, an "access

aisle" (adjacent on the right side) is approximately 70 inches:



45.     The above violation is not unique.

46.     Rather, it is emblematic of Defendant's facilities.

47.     As evidenced by the image below, the designated "van accessible" parking spot in front of Bath & Body Works® is approximately 116.5 inches in width with an "access aisle" of approximately 77.5 inches, which does not meet the requirements of Section 502.2:



48.     Additionally, the slope of the "van accessible" parking spot at the Bath & Body Works® location exceeds 1:48 (i.e., 2.1%) – at the bottom (where it measures 2.6%) and in the middle (where it measures at 2.5%), in violation of Section 502.4.

49.     Thus, the designated "van accessible" parking spot and "access aisle" required by the ADA are not compliant with ADA requirements.

50.     In similar fashion, as evidenced by the image below, the designated "van

accessible" parking spot in front of the "Victoria's Secret" location is equally non-compliant –
whereas the designated "van accessible" parking spot is approximately 118.5 inches in width, an
"access aisle" (adjacent on the right side) is approximately 68 inches:



51.     Likewise, the designated "van accessible" parking spot near a "Soma" storefront
is approximately 110 inches in width with an "access aisle" (adjacent on the right side) of only
approximately 68 inches in width.

52.     Further, as evidenced by the image below, the designated "van accessible"
parking spot in front of the "David Jay Jewelers" location is also non-compliant – whereas the
designated "van accessible" parking spot is approximately 110 inches in width, an "access aisle"
(adjacent on the right side) is approximately 72 inches:



53.     As evidenced by the image below, the designated "van accessible" parking spot in front of the J.Jill® location also violates the ADA.

54.     First, whereas Section 502.6 requires that the "van accessible" designation shall be at least 60 inches from the ground surface, the signage at this location is only 50 inches above ground surface.

55.     Second, as evidenced below, whereas the designated "van accessible" parking

spot is approximately 107 inches in width, an "access aisle" (adjacent on the right side) is only approximately 72 inches:



56.     The designated "van accessible" parking spot in front of the "Claire's" location also violates the ADA.

57.     First, the slope of this parking spot exceeds 1:48 (i.e., 2.1%) – at the bottom (where it measures 2.8%), in violation of Section 502.4.

58.     Second, as evidenced below, whereas the designated "van accessible" parking spot is approximately 107 inches in width, an "access aisle" (adjacent on the right side) is only approximately 69 inches:



59.     The failure to include the ADA-compliant parking spots and "access aisles" constitute a clear violation of the 20l0 Standards.

60.     As a result of Defendant's failure to provide the proper "access aisles" and/or "van accessible" parking spaces, as required by the ADA, Plaintiff cannot safely lower her van's ramp, which is her only means of entry and exit from her vehicle.

61.     Indeed, because of Plaintiff's disability, she requires the full width of an appropriately-spaced "van accessible" parking spot and adjacent "access aisle."

62.     Due to the improper markings at Defendant's premises, on at least one occasion, Plaintiff could not park in a parking spot marked as "van accessible," because there was another vehicle in the adjacent, "handicapped" space and Plaintiff did not have sufficient "clearance" to park and lower her vehicle's side-ramp.

63.     The pervasive nature of Defendant's ADA non-compliance at "The Shops at Valley Square" is blatant and visible to the "naked eye."

64.     In fact, at least one designated "access aisle," which is adjacent to a "van accessible" parking spot in front of Bar Louie – an establishment that Plaintiff frequently attempts to visit, has no curb "cut out" at all, as visible in the image below:



65. Indeed, the above "access aisle" requires a disabled individual to go behind other parked vehicles and into a trafficked area to access a curbed "cut out."

66. In effect, this "access aisle" is not the shortest route to the entrance and creates a physical danger to a disabled individual.

67. As the above-document issues make plain, Defendant's parking facilities at "The Shops at Valley Square" exhibit a rampant disregard for the ADA.

68. Plaintiff believes and, therefore, avers that the above-referenced conditions have existed at the location for years.

69. Yet, Defendant has failed to take any corrective measures.

70. Defendant's facilities are within the geographic zone that Plaintiff typically travels as part of her routine activities.

71. Indeed, Plaintiff has visited Defendant's facilities on multiple occasions (for work and family functions and outings) and will continue to visit Defendant's facilities in the future as part of her regular activities.

72. Upon information and belief, Defendant has centralized policies regarding the management and operation of its facilities, and those policies are inadequate to ensure compliance with the ADA, as is demonstrated by the fact that Defendant's facilities remain non-compliant.

73. Plaintiff will continue to attempt to use Defendant's facilities. However, so long as Defendant continues to violate the ADA, Plaintiff will be unable to use them independently and will be, thereby, denied full access to Defendant's facilities.

74. Plaintiff requests periodic monitoring to confirm that the public accommodations are brought into compliance and remain in compliance.

75.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's facilities.

## CLASS ACTION ALLEGATIONS

76.     Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of herself and all individuals with disabilities who have attempted to access, or will attempt to access Defendant's facilities (the "Class").

77.     Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

78.     <u>Typicality:</u>  Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

79.     <u>Common Questions of Fact and Law:</u>  There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

80.     The questions of fact and law common to the class include but are not limited to the following:

a.      Whether Defendant is a "public accommodation" under the ADA;

b.      Whether Defendant's conduct in failing to make its facilities fully accessible and independently usable as described above violated the ADA;

      c.      Whether Defendant's system or procedures for ensuring ADA compliance is adequate and appropriate; and

      d.      Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

81.     <u>Adequacy of Representation:</u>  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the Class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

82.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**COUNT I**
**VIOLATION OF THE ADA**

83.     The allegations contained in the previous paragraphs are incorporated by reference.

84.     Defendant's facilities were required to be altered, designed, or constructed so that they are readily accessible and usable by disabled individuals, including individuals who use wheelchairs.  <u>See</u> 42 U.S.C. § 12183(a)(1).

85.     The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, including Plaintiff and the class she seeks to represent.

16

86.    The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

87.    Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R. § 36, app. A.

88.    Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  42 U.S.C. § 12182(a).

89.    Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of the ADA, as described above.

90.    Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations be fully accessible to, and independently usable by, individuals with disabilities, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

91.    Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its facilities be accessible to, and independently usable, by individuals with disabilities is likely to recur.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

a.    A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above;

b.      A permanent injunction which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain in compliance with the law;

c.      An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

d.      Payment of costs of suit;

e.      Payment of reasonable attorneys' fees; and

f.      The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

Date: <u>January 10, 2018</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

_____

Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff and the Proposed Class